Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff,
Harold Lloyd Entertainment, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD LLOYD ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CUPECOY HOME FASHION, INC., a New York corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

HAROLD LLOYD ENTERTAINMENT, INC. ("HLE"), by and through their attorneys of record, complains against CUPECOY HOME FASHION, INC. ("Cupecoy"), and DOES 1 through 10, (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief against Defendant Cupecoy and DOES 1 through 10 for willful copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*.

2. This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*., 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

4. Plaintiff HLE is a corporation formed under the laws of the state of California with its principal place of business at 11433 Berwick St., Los Angeles, California 90049.

5. Plaintiff is informed and believes and, upon such, alleges that Defendant Cupecoy is a corporation organized under the laws of the state of New York, doing business as Cupecoy Design, with its corporate office located at 483 Broadway, 4th Floor, New York, NY 10013.

6. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants

1  when the same have been ascertained.

## FACTS

*Harold Lloyd and the Iconic Clock Scene in "Safety Last!"*

7. "Safety Last!" is one of the most successful and critically lauded movies in Hollywood history. The movie has repeatedly made it on the American Film Institute's list of the top one hundred movies of all-time and it was recently re-released as part of the acclaimed Criterion Collection. The movie also cemented the status of its star, Harold Lloyd, as one of the most famous leading men and comedians of the Hollywood's Golden Era.

8. The denouement of "Safety Last!" features one of the most iconic images in cinema. It is a scene that is veritably world famous: Harold Lloyd, bespeckled with black rim glasses and donning a sharp, close-cropped black suit and black-rimmed hat, dangling perilously from the hands of a giant clock. Attached, as Exhibit A, is a true and correct copy of the iconic scene from "Safety Last!"

9. HLE is the owner of all rights, title and interest in the copyrights to the movie "Safety Last!" and all derivatives thereof, which substantially consist of material wholly original with Plaintiff and which is copyright subject matter under the laws of the United States. HLE has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. "Safety Last!" has been registered with the United States Copyright Office, U.S. Copyright Registration No. LU18608, and properly renewed, U.S. Copyright Renewal No. R59385.

10. For good and valuable consideration, HLE has selectively licensed the iconic image of Harold Lloyd hanging from the clock, and derivatives thereof. The 1985 blockbuster "Back to the Future" licensed the rights to create a derivative version of the clock scene when it obtained permission from HLE to feature a scene where star Christopher Lloyd dangled perilously from a the hands of a giant clock. More recently, Martin Scorcese's critically acclaimed children's movie "Hugo" licensed the rights to create a derivative version of the clock scene when it obtained permission from HLE to

feature a scene where star Asa Butterfield dangled perilously from the hands of a giant clock.

*The Defendants and Their Willful Infringing Activity*

11.     Defendant Cupecoy is, in its own words, a seller of "innovative gift and home accessories suitable for any contemporary interior."  As its website explains, "Cupecoy Design is proud to bring our customers the latest expressions of creativity by offering an exciting collection of distinctive designs . . . We don't follow trends, we establish them."

12.     It recently came to Plaintiff's attention that Defendant has been distributing and selling a clock featuring a perilously dangling man that directly and willfully infringes on the copyrights of the HLE by, *inter alia*, reproducing the iconic clock scene from "Safety Last!"  Attached, as Exhibit B, is a true and correct copy of Cupecoy's infringing product.

13.     As any observer would immediately notice, Cupecoy's clock is a direct appropriation of the iconic clock scene from "Safety Last!"  Inter alia, the man dangling from the Cupecoy clock bears a striking resemblance to Mr. Lloyd and his distinctive outfit in the movie (bespeckled with black rim glasses and donning a sharp, close-cropped black suit and black-rimmed hat, dangling perilously from the hands of a giant clock).  Indeed, a comparison of the iconic image from "Safety Last!" and Cupecoy's "rendition" of the man reflects a fundamental similarity.

14.     Indeed, the Cupecoy dangling man and Harold Lloyd don identical suits, hats, glasses; they share identical distinctive positioning of their knees, the angles of their legs, feet and arms, and sweep of their suits; and their faces are identically rendered.

15.     As Exhibit C clearly demonstrates, a juxtaposition of the images on top of each other (image on the top) or side-by-side (image on the bottom) irrefutably demonstrates that Cupecoy's dangling man was simply and directly traced from the iconic image of Lloyd, in willful violation of the rights of HLE thereto.

16.     Defendants possess no valid permission, consent, or license to reproduce, publicly display, distribute or make any other the movie, its stills or its iconic imagery, or

any derivatives thereof. As such, Defendants' unauthorized exploitation violates HLE's exclusive rights, as secured under the federal Copyright Act, 17 U.S.C. § 106, and constitutes wholesale copyright infringement.

17. It is unknown how long these alleged violations have been occurring. However, said violation of HLE's exclusive rights under 17 U.S.C. § 106 are in wanton and in willful disregard of HLE's legal rights.

18. Specifically, HLE has attempted to resolve this case short of litigation. After months of efforts on that front, Defendants have gone completely silent and failed to respond to Plaintiff's continuing inquiries and attempts to settle this matter.

19. Thus, although every possible effort has been made to avoid litigation, Defendants have given Plaintiff no alternative but to file suit to protect its basic intellectual property rights from willful infringement.

## CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

20. Plaintiff HLE incorporates here by reference the allegations in paragraphs 1 through 19 above.

21. HLE is the owner of all rights, title and interest in the copyrights to the movie "Safety Last!" (the "Work") and all derivatives thereof, and said Work is timely registered with the Copyright Office as noted *supra*.

22. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe HLE's copyrights by willfully reproducing, displaying, distributing, and creating derivative versions thereof, of the Work in violation of 17 U.S.C. § 501 *et seq*.

23. All of the Defendant's acts are and were performed without the permission, license or consent of HLE.

24. The said wrongful acts of Defendants have caused, and are causing, great injury to HLE, which damage cannot be accurately computed, and unless this Court

restrains Defendants from further commission of said acts, HLE will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, HLE seeks a declaration that Defendants are infringing HLE's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of HLE's copyrights.

25. As a result of the acts of Defendants alleged herein, HLE has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. For an order permanently enjoining Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction in, any and all products and services (including advertising and promotional materials, print media, signs, internet web sites, or any other media related thereto), either now known or hereafter devised, that infringe, contributorily infringe, vicariously infringe, or induce infringement of Plaintiff's copyrights in and to the Work.

2. For the entry of a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon HLE's copyrights, including but not limited to any and all products, broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon HLE's copyrights in the Work as well as all business records related thereto, including, but not limited to, lists of

advertisers, clients, manufacturers, suppliers, customers, viewers, distributors, invoices, catalogs, and the like.

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and to reimburse HLE for all damages suffered by Plaintiffs by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4. For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon HLE's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c).

6. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 505.

7. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505.

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: March 11, 2014                **ONE LLP**

                                     By: /s/ John Tehranian
                                         John Tehranian
                                         Attorneys for Plaintiff,
                                         Harold Lloyd Entertainment, Inc.

6
**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: March 11, 2014          **ONE LLP**

By: /s/ John Tehranian
    John Tehranian
    Attorneys for Plaintiff,
    Harold Lloyd Entertainment, Inc.